**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Fromkin,<br><br>　　　　Plaintiff,<br>vs.<br><br>IndyMac Bank FSB, a Federally Chartered Savings Bank, Mortgage Electronic Registration Systems, Inc., a Delaware corporation, OneWest Bank FSB, a Federally Chartered Savings Bank, Quality Loan Services, Inc., Trustee, a California Corporation, IMB REO, LLC, a Delaware limited liability company, John Does I-X; Jane Does I-X; ABC Corporations I-X;CDF Partnerships I-X and XYZ Investors IX.,<br><br>　　　　Defendants. | No. 10-CV-8014-PCT-PGR<br><br>**ORDER** |

Currently before the Court is Plaintiff's Motion to Remand the above-captioned matter to the Yavapai County Superior Court based on lack of personal jurisdiction, improper removal, and lack of consent of the Defendants to Removal. (Doc. 14.) Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and IMB REO, LLC ("IMB") (collectively, the "Removing Defendants"), submitted a Response in Opposition to Plaintiff's Motion to Remand. This Court finds that Plaintiff's arguments fail for lack of merit.

I.　　BACKGROUND

Plaintiff filed his Complaint in the Yavapai County Superior Court seeking, *inter alia*,

a Preliminary Injunction, a Permanent Injunction, declaratory relief and compensatory and punitive damages in connection with an allegedly illegal non-judicial foreclosure of the Plaintiff's home at a Trustee's Sale in Yavapai County.[1]

II. LEGAL STANDARD AND ANALYSIS

A federal court determines whether removal is proper pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Personal Jurisdiction

Plaintiff contends that the Yavapai Superior Court did not have personal jurisdiction over *all* of the Defendants at the time of removal and therefore removal is prohibited. Under 28 U.S.C. § 1441(f), a state court's lack of jurisdiction does not preclude a federal district court from hearing a claim upon removal. Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 706, 714 n. 11 (9th Cir. 1990). Plaintiff's contention that Yavapai County Superior Court lacked personal jurisdiction over *some* of the Defendants and his conclusion that removal is therefore barred is inconsistent with 28 U.S.C. §1441(f).[2]

Improper Removal

Next, this action was removed on both federal question and diversity jurisdiction grounds. Thus, Plaintiff's argument that removal was improper is also without merit. District courts have diversity jurisdiction over civil actions between citizens of different states where

---

[1] Defendant IndyMac agreed to loan Plaintiff $332,800.00 to purchase said home on a cash out refinance conditioned upon Plaintiff executing a Deed of trust and Promissory Note.

[2] Essentially, whether Yavapai County Superior Court had personal jurisdiction over all Defendants is irrelevant when determining whether removal is proper under 28 U.S.C. § 1446(f).

the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For purposes of determining diversity of citizenship, an individual person is deemed to be a citizen of the state in which he or she is domiciled. Lew v. Moss, 797 F.3d 747, 749 (9th Cir.1986). A person is "domiciled" where he or she has "established a 'fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely.'" Id. at 749-50. (quoting Owens v. Huntling, 115 F.2d 160, 162 (9th Cir.1940)). For entities, the state of citizenship depends on the form of the entity. A corporation is deemed to be a citizen of the state in which it was incorporated as well as the state in which its principal place of business is located. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.2006); 28 U.S.C. § 1332(c)(1). Plaintiff alleges that he is a resident of the State of Arizona. Removing Defendant IMB is a Delaware limited liability company with its principal place of business in Delaware. Defendant OneWest, FSB is a federally chartered savings bank that is neither domiciled, nor maintains its principal place of business, in Arizona. Defendant IndyMac Bank, FSB was a federal savings bank which was closed by the Office of Thrift Supervision, and on July 11, 2008, the FDIC was named as its conservator. Defendant MERS is a Delaware corporation with its principal place of business in Virginia. Defendant Quality Loan Services, Inc. is a California corporation with its principal place of business in California. Thus, complete diversity of citizenship between Plaintiff and each of the Defendants exists. Furthermore, Plaintiff seeks a judgment declaring that Defendants are not entitled to enforce a promissory note in the amount of $332,800.00. Plaintiff further alleges that he is entitled to treble damages of at least $118,411.20, and he seeks general, special, statutory, and punitive damages. Accordingly, in the pending matter, diversity jurisdiction exists under 28 U.S.C. § 1332 because, as established, there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000.00.

Additionally, at the time of removal, this Court had federal question jurisdiction under 28 U.S.C. §1331. District courts have federal question jurisdiction over civil actions "arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter v. Philip Morris, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Plaintiff pled federal claims under 12 U.S.C. § 2601 et seq., 15 U.S.C. § 1602 et seq., 12 C.F.R. § 226.2, 15 U.S.C. § 1692 et seq., and 15 U.S.C. § 1602 et seq. Accordingly, this Court had federal question jurisdiction over the foregoing federal claims and could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related state claims.[3]

Consent

Finally, contrary to Plaintiff's assertion otherwise, all of the consent required upon removal was obtained by the Removing Defendants. Under 28 U.S.C. § 1446(b), all defendants to an action must join in the removal of an action from state court to federal court. However, this general rule applies only to defendants properly joined and served at the time of removal. Cachet Residential Builders, Inc. v. Gemini Ins. Co., 547 F. Supp. 2d 1028, 1030 (D. Ariz. 2007) (holding that consent of defendant who was not properly served was not required to remove action from state court) (quoting Emerich v. Rouche Ross & Co., 846 F.2d 1990, 1193 n.3 (9th Cir. 1988). Therefore, by obtaining the consent of the only Defendant which had received valid service of the Summons and Complaint *as of the date of the removal*, the Removing Defendants satisfied the consent requirement of § 1446(b).[4]

---

[3] Section 1367(a) states: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[4] At the time of removal, only removing Defendant IMB had received valid service of the Summons and Complaint. On January 2, 2010, Plaintiff attempted to serve the now defunct Defendant IndyMac, FSB by mailing a copy of the Summons and Complaint to MERS (as the statutory agent for Defendant IndyMac, FSB). However, MERS is not in fact IndyMac, FSB's statutory agent in Arizona. Rather, service of process for Defendant

Accordingly,

IT IS HEREBY ORDERED DENYING Plaintiff's Motion to Remand. (Doc. 14.)

DATED this 31st day of March, 2010.

_____
Paul G. Rosenblatt
United States District Judge

---

IndyMac, FSB must be made to the Federal Deposit Insurance Corporation, which has been appointed the receiver for IndyMac Bank, FSB.

- 5 -