**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Fromkin,<br><br>    Plaintiff,<br>vs.<br><br>Indymac Bank FSB, a Federally Chartered Savings Bank, Mortgage Electronic Registration Systems, Inc., a Delaware corporation, OneWest Bank FSB, a Federally Chartered Savings Bank, Quality Loan Services, Inc., Trustee, a California Corporation, IMB REO, LLC, a Delaware limited liability company, John Does I-X; Jane Does I-X; ABC Corporations I-X;CDF Partnerships I-X and XYZ Investors IX.,<br><br>    Defendants. | No. 10-CV-8014-PCT-PGR<br><br>**ORDER** |

    Currently before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22) filed by Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and IMB REO, LLC ("IMB") (collectively, the "Moving Defendants").

    On December 28, 2009, Plaintiff filed a twenty-count complaint in the Yavapai County Superior Court alleging both federal and state claims regarding the foreclosure of his property. He also filed therewith a Motion for Temporary Restraining Order and Preliminary Injunction to stop the impending enforcement of a Writ of Restitution which would remove Plaintiff from his home. The Court denied the motion for injunctive relief. On January 22,

2010 a Notice of Removal was filed and this case was removed to this Court. The Moving Defendants filed a Motion to Dismiss the complaint on the grounds that none of the claims set forth in the original complaint satisfied the requirements of Fed.R.Civ.P. 8 or 9(b), and many of Plaintiff's claims failed as a matter of law. In response to the Moving Defendants' motion, Plaintiff sought leave to amend his complaint. On March 1, 2010, this Court granted Plaintiff's request to amend his complaint and on March 15, 2010, Plaintiff filed his First Amended Complaint (hereinafter referred to as "FAC").[1] On March 29, 2010, Defendants filed a Motion to Dismiss the FAC on the grounds that it failed to cure the deficiencies of his original complaint.[2] The motion is fully briefed and ready for consideration.

I.   BACKGROUND

This matter arises from circumstances surrounding a loan obtained by Plaintiff Christopher Fromkin ("Fromkin") on February 1, 2005 from IndyMac Bank, FSB ("IndyMac") for $332,800. Plaintiff signed a Promissory Note and a Deed of Trust which was recorded against real property located in Sedona, Arizona (the "Property").[3] Plaintiff concedes in the FAC that he failed to make the payments required under the loan. As a result of his inability to make payments, Plaintiff approached IndyMac to modify the terms of his loan. However, because it did not own the note, it could not significantly modify the loan. The Property was then sold at a trustee's sale on October 4, 2009.[4] Plaintiff asserts that none

---

[1] Plaintiff originally filed his FAC on March 12, 2010, but re-filed it on March 15, 2010, as he had inadvertently filed only the red-lined version on that date.

[2] The Moving Defendants moved to dismiss the original complaint because "none of the claims set forth in the original complaint satisfied the requirements of Rule 8 or 9(b), and many of Plaintiffs claims failed as a matter of law."

[3] The Deed of Trust and Promissory Note are referred to herein, collectively, as the "Loan Documents."

[4] Plaintiff contends, without supporting facts, that it was an "illegal non-judicial foreclosure sale."

of the Defendants were the holder in due course of the note at the time of the sale. He maintains that they had knowledge of the status of the title and concludes without supporting facts that they conspired to illegally "flip" the property.

In his FAC, Plaintiff alleges the following fifteen counts against the Defendants[5]: Count One: Conversion, Count Two: Prior Breach of Contract, Count Three: Racketeering, Count Four Declaratory Relief, Count Five: Injunction, Count Six: Conspiracy to Commit Fraud and Conversion (as to Defendants IndyMac, Onewest, IMB REO, LLC, and Quality Loan Services), Count Seven: Aiding and Abetting, Count Eight: Violation of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.* (as to Defendants IndyMac and IMB), Count Nine: Implied Duty of Good Faith and Fair Dealing, Count Ten: Breach of Contract-Damages, Count Eleven: Estoppel and Constructive Fraud-Concealment, Count Twelve: Punitive Damages Bad Faith and Fraud, Count Thirteen: Abuse of Process, Count Fourteen: Intentional Infliction of Emotional Distress, and Count Fifteen: Punitive Damages Abuse of Process and Intentional Infliction of Emotional Distress.

II.  LEGAL STANDARD AND ANALYSIS

To avoid a Rule 12(b)(6) dismissal for failure to state a claim, a complaint "must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, Rule 8 does not require detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986). A pleading that merely provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Furthermore, a complaint that provides strictly "naked assertion[s]" devoid of

---

[5] The language re: the Counts is gleaned directly from Plaintiff's FAC.

- 3 -

"further factual enhancement" will not suffice.[6] Id. at 557. Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant is liable for the misconduct alleged*." Id. (Emphasis added). The plausibility standard requires showing more than a sheer possibility that a defendant has acted unlawfully. Ibid. Despite having to take all of the factual allegations in the complaint as true for the purposes of a motion to dismiss, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted). Twombly, 550 U.S. at 555.

As to fraud-based claims, Plaintiffs must satisfy Rule 9(b)'s heightened pleading requirements, which mandate that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P 9(b). Thus, Rule 9(b) requires Plaintiff to state with particularity the time, place, and specific content of the conduct constituting fraud, as well as the identities of the parties to the fraud. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff must articulate how the purported acts constituted fraud and set forth with particularity the factual allegations supporting each of the elements of fraud.

---

[6] While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

**a. Count One: Conversion**

In Count One of his FAC, Plaintiff alleges a claim for conversion against Defendants. However, in Arizona, there is no tort of conversion of real property. Rather, "conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the *chattel*." Miller v. Hehlen, 209 Ariz. 462, 472 (App.2005) (quoting Restatement (Second) of Torts § 222A(1) (1965))(emphasis added). "'An action for conversion ordinarily lies *only* for *personal property* that is tangible, or to intangible property that is merged in, or identified with, some document.'" Miller, 209 Ariz. at 472 (quoting 18 Am.Jur.2d, Conversion § 7 (2004))(emphasis added); see also Strawberry Water Co. v. Paulsen, 220 Ariz. 401, 406-07 (App. 2008). Here, Plaintiff alleges that Defendants were not the holders in due course of the Note to order the sale of the Property at issue. He contends, essentially, that the Note has therefore been converted. Plaintiff fails to cite any Arizona cases recognizing an action for conversion based upon an alleged illegal foreclosure. "[T]he Court does not believe that Plaintiff's right to be free from an illegal foreclosure can properly be divorced from Plaintiff's real property rights." Cervantes v. Countrywide Home Loans, Inc., 2009 WL 3157160, 8 (D. Ariz. 2009).

Furthermore, the Court recognizes that Plaintiff has failed to specifically identify which Defendants he is asserting this claim against. He alleges, "none of the Defendants identified have ever established a legal right as a beneficiary and holder in due course of the Fromkin Note..." However, he does not articulate facts supporting this assertion. Despite the legal documents attached to the complaint supporting the assignment of rights and the trustee's sale, Plaintiff's naked assertions are devoid of further factual enhancement, thereby insufficient under Twombly to overcome dismissal. Accordingly, **Count One is DENIED** as a matter of law on the grounds that conversion of real property is not a claim in Arizona. It is also **DENIED** because Plaintiff has failed to satisfy the requirements of Twombly and

Iqbal.[7]

### b. Count Two: Prior Breach of Contract[8]

Plaintiff contends that the Deed of Trust required "*one or more of the named Defendants to notify Plaintiff*" prior to asserting any form of default against him. (Emphasis added). He continues, "*one or more named Defendants* have failed to provide [sic] with such notice" and as a result, he suffered damages. In the FAC, Plaintiff fails to articulate which specific Defendants he is alleging this claim against, thereby failing to put said Defendants on notice to allow them the opportunity to properly defend themselves against this cause of action. Such deficiencies render this count insufficient under Twombly and Iqbal. (See supra.) Furthermore, attached to the Complaint is correspondence from Plaintiff's attorney referencing the pending sale of Plaintiff's property due to Plaintiff's failure to fulfill his payment obligations under the loan, thereby alerting the Court that *Plaintiff was in fact put on notice that he was in default and that a sale was forthcoming*. Plaintiff has conceded in the pleadings that he defaulted on his mortgage, which under the terms of his loan resulted in the trustee's sale of his property. Accordingly, Plaintiff was himself in breach of contract when he failed to make the obligatory payments, which under the terms of the loan document, permitted the trustee's sale. Finally, Plaintiff has failed to articulate what damages he suffered from the alleged failure to notify him.[9] **Count Two is therefore DENIED.**

---

[7] Plaintiff has failed to make any cogent argument supported by case law articulating how a note is anything more than a symbol of ownership of real property. The burden lies with the Plaintiff to establish otherwise and to satisfy the elements of each of his claims.

[8] All breaches of contract, by definition, occur prior in time to the performance of another. However, there is no cause of action known to this court as a "prior breach of contract". The Court will assume that Plaintiff meant to assert a breach of contract claim.

[9] In other words, Plaintiff did not articulate any damages, he merely stated that he suffered damages. Furthermore, the trustee's sale of his house was the result of the failure of Plaintiff to pay his loan, not the result of him not being notified that his house would be eligible for a trustee's sale.

- 6 -

1  **c. Count Three: Racketeering**

2        In Count Three of the FAC, Plaintiff asserts a civil racketeering claim under A.R.S.
3  § 13-2301 *et seq*. To survive a motion to dismiss, a plaintiff asserting a racketeering claim
4  in Arizona must allege facts showing: (1) two or more predicate acts that constitute
5  "racketeering" as defined by A.R.S. § 13-2301(D)(4); (2) that the predicate racketeering acts
6  constitute a "pattern of racketeering activity" as defined by § 13-2314.04(T)(3)[10]; and (3) the
7  racketeering activity caused the plaintiff's injury. A.R.S. § 13-2314.04. Moreover, where
8  the claim is based in fraud, it must be pled with particularity. A.R.S.§ 13-2314.04(R). In the
9  pending matter, Plaintiff has wholly failed to articulate two or more predicate acts amounting
10 to a "pattern" of racketeering behavior as defined by A.R.S. §§ 13-2301 and 13-2314.04.
11 Furthermore, Plaintiff failed to specifically identify the alleged "enterprise," necessary to
12 state a claim under A.R.S. § 13-2314.04. An "enterprise" is: (I) a group of persons
13 associated together for a common purpose; (ii) that is an *ongoing organization*, whether
14 formal or informal; and (iii) wherein the various associates function as *a common unit*. See
15 Odom v. Microsoft Corp., 486 F.3d 541, 552 (2007)(emphasis added). To establish a
16 racketeering claim, at a minimum, *Plaintiff is obligated to identify the purported enterprise*
17 *involved*. See Warfield v. Garner, 346 F. Supp. 2d 1033 (D. Ariz. 2004) (applying Arizona
18 law and holding that legal conclusions were insufficient to satisfy burden of pleading
19 enterprise)(emphasis added). Here, Plaintiff merely sets forth conclusory assertions that "an
20 enterprise existed between two or more of the Defendants identified" and that it "entailed

21

---

22      [10] A "pattern of racketeering activity" means: (I) at least two predicate acts of
23 racketeering; (ii) the predicate acts must have occurred within five years of each other; (iii)
the predicate acts are "related to each other or to a common external, organizing principle,
24 including the affairs of an enterprise"; and (iv) the acts of racketeering that are alleged as the
25 basis of the claim were "continuous or exhibited the threat of being continuous." See A.R.S.
§ 13- 2314.04(T)(3). The "continuity" requirement "requires that the related predicate acts
26 extend 'over a substantial period of time,' i.e., over more than 'a few weeks or months.'"
27 Lifeflite Med. Air Transport, Inc. v. Native Am. Air Servs., Inc., 198 Ariz. 149, 153, 7 P.3d
158, 162 (App. 2000).

- 7 -

their practice of utilizing the non-judicial procedures applicable here and others like it to acquire title to any property involved without any right to enforce the Fromkin Note and based upon fraudulent assignments." Once again, no specific Defendants are named. To recap, Plaintiff obtained a loan and concedes that he was unable to make payments under the terms of the loan. The property in question was then sold at a trustee's sale. Plaintiff merely concluded that Defendants' conduct was fraudulent, but failed to provide plausible facts to support such a conclusion on the part of any of the Defendants. Plaintiff has failed to assert facts plausible to establish a claim that Defendants did not have a right to acquire title to the Property in question or that they fraudulently acquired said Property. Plaintiff's bare conclusions that an enterprise existed or that a pattern of racketeering activity occurred do not pass muster to overcome dismissal of a complaint. Twombly, 550 U.S. at 557. Accordingly, **Count Three is DENIED.**

### d. Count Four: Declaratory Relief

In Count Four, Plaintiff requests judgment declaring that "Defendants violated the law by selling the Plaintiff's Property at a Trustee's Sale and "violated Plaintiff's rights under the Truth in Lending Act, the Real Estate Settlement Procedures Act." Once again, Plaintiff fails to distinguish which Defendants' conduct violated which laws or to otherwise articulate any facts amounting to plausible claims entitling Plaintiff to relief. Twombly, 550 U.S. 544.

Furthermore, while Plaintiff previously alleged an independent claim for a violation of the Real Estate Settlement Procedures Act (RESPA) in his *original complaint*, neither that claim nor a Truth in Lending Act (TILA) claim have been alleged in the FAC. Plaintiff fails to plead any facts in the FAC which would support an alleged violation of RESPA or TILA. Plaintiff does not make any attempt to allege what, when, or how any of the Defendants committed an alleged violation of RESPA or TILA.

Plaintiff seeks a declaration that the sale of property was illegal, requesting the Court set aside the sale, vesting full title in Plaintiff. Plaintiff has failed to allege facts establishing plausible claims for such relief. Therefore, **Count Four is DENIED**.

**e. <u>Count Five: Injunctive Relief</u>**[11]

Count Five of the FAC requests injunctive relief to preclude "Defendants" from enforcing a writ of restitution and or taking any action to gain possession of the Property. In the FAC, Plaintiff states that he is faced with clear and present danger of losing possession of his house due to the allegedly "illegally conducted foreclosure sale" described therein. As such, Plaintiff argues that Defendant IMB must not be permitted to enforce a writ of restitution from a forcible detainer action or any other action to obtain possession or title to the Property. He further states that he will suffer irreparable harm if the buyer is not enjoined from enforcing a writ of restitution from a forcible detainer action enforcing the allegedly illegal Trustee's Sale. Plaintiff seeks an injunction invalidating the "wrongful Trustee's Sale and enjoining Defendants from conducting any further Trustee's Sale on the subject property..."

When applying for a temporary restraining order and preliminary injunction, a Plaintiff must comply with Fed.R.Civ.P.65. For example, when filing an application for a temporary restraining order without notice, a plaintiff must provide the Court with (A) specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed.R.Civ.P.65(b). Furthermore, pursuant to Supreme Court case law, "a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. See <u>Winter v. Natural Resources Defense Council, Inc.</u>,

---

[11] The Court notes that under Count Five of the FAC, Plaintiff states that this Court has the power to enjoin Defendants under *A.R.S. §12-1801, et. seq.* However, pursuant to that statute, a *Superior Court* may grant writs of injunction under certain circumstances. This case is now pending before the *Federal District Court of Arizona*. Thus, the Federal Rules of Civil Procedure apply.

129 S.Ct. 365, 374 (2008)(internal citations omitted). Here, Plaintiff has failed to fully satisfy the requirements of Fed.R.Civ.P. 65 *and* Winter. Although, as stated above, Plaintiff has alleged facts that he is likely to suffer irreparable harm by losing his property, he has failed to establish that he is likely to succeed on the merits and has failed to discuss whether the balance of equities tips in his favor or that an injunction is in the public interest. Therefore, Plaintiff's request for injunctive relief is not justified and **Count Five is DENIED.**[12]

**f. Count Six: Conspiracy to Commit Fraud or Conversion**

Count Six of the FAC pleads a claim of "conspiracy to commit fraud and conversion" against Defendants IndyMac Bank, F.S.B. and IMB. Pursuant to Arizona law, "conspiracy is a derivative tort." Rowland v. Union Hills Country Club, 157 Ariz. 301, 306 (App. 1988). Therefore, to state a claim for conspiracy, a plaintiff must establish the existence of an underlying tort from which the purported conspiracy arises. Id. Plaintiff's conspiracy claim fails because the Court has determined that Plaintiff has failed to plead a valid underlying tort claim of fraud (see *infra*) or conversion (see *supra*). Accordingly, **Count Six is DENIED.**

**g. Count Seven: Aiding and Abetting**

Under Arizona law, "aiding and abetting [is a] derivative tort[] for which a plaintiff may recover only if it has adequately pled an independent primary tort." AGA Shareholders, LLC v. CSK Auto, Inc., 589 F. Supp. 2d 1175 (D. Ariz. 2008)(citing Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. 474, 485 (Ariz.,2002). Plaintiff fails to specifically identify any aiding and abetting

---

[12] In Defendants' Reply brief, the Court was notified that this issue, having previously been considered and denied twice by the Superior Court, is now moot. On March 16, 2010, the Yavapai Superior Court issued the Writ of Restitution in connection with the forcible entry and detainer action against Plaintiff. Consequently, it is the Court's understanding that Plaintiff was removed from the Property on or about April 28, 2010. Accordingly, Plaintiff's **request for injunctive relief is also DENIED as Moot.**

Defendant or sufficiently allege facts which could form the basis of the alleged underlying tort claims.

To establish a claim of aiding and abetting tortious conduct, proof of three elements is necessary: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." Gomez v. Hensley, 145 Ariz. 176, 178 (Ariz. Ct. App. 1984) (citing Restatement (Second) of Torts § 876(b)). Here, as previously stated, the Plaintiff has failed to establish a claim for conversion or fraud, the two tort claims alleged. Furthermore, even assuming Plaintiff had stated a claim for the underlying torts, Plaintiff has failed to allege *facts* to state a plausible claim against Defendants for aiding and abetting, thus he has failed to satisfy the latter two elements. He has also failed to articulate which Defendants' conduct amounted to the alleged aiding and abetting. Plaintiff's attempted recitation of the elements of the cause of action in the FAC is insufficient to overcome dismissal. Twombly, 550 U.S. at 555. Therefore, **Count Seven is DENIED**.

**h. Count Eight: Consumer Fraud**

In his Eighth claim for relief, Plaintiff alleges that Defendants IndyMac Bank, F.S.B. and IMB violated the Arizona Consumer Fraud Act ("ACFA"), Arizona Revised Statutes ("A.R.S.") section 44-1522, *et seq.* by using "deception, false promises, and misrepresentation regarding the terms of the loan offered" to Plaintiff. Defendants argue that Plaintiff's claim is time-barred and fails to state a claim under Rule 12(b)(6).

Actions commenced pursuant to A.R.S. § 44-1522 must be brought within one year or they are time-barred. A.R.S. § 12-541(5) (2003). Pursuant to ACFA, an action accrues "when the defrauded party discovers *or with reasonable diligence could have discovered* the fraud." Alaface v. Nat'l Inv. Co., 181 Ariz. 586, 590 (App.1994) (quoting Mister Donut of Am., Inc. v. Harris, 150 Ariz. 321, 323 (1986)(emphasis added)). Thus, a cause of action under ACFA "accrues when 'the plaintiff knows or should have known of both the what and

who elements of causation.'" Alaface, 181 Ariz. at 590 (quoting Lawhon v. L.B.J. Institutional Supply, Inc., 159 Ariz. 179, 183 (App.1988)).

Plaintiff obtained his loan in 2005, yet he only commenced the present action in 2010. The *who* of his action under ACFA, at least to the extent of his claims regarding his loan, was known at the time Plaintiff obtained his loan. Plaintiff alleges, however, that he "learned of Defendants' violation of A.R.S. § 44-1522 within one year of the filing of this complaint." Thus, Plaintiff alleges that his cause of action accrued within one year of the filing of his complaint because his did not know the *what* element of his ACFA claim. However, the test for when a cause of action accrues is not only what the plaintiff actually knew, but what *he or she should have known or could have discovered with reasonable diligence*. Alaface, 181 Ariz. at 590.

The majority of Plaintiff's allegations under ACFA are all related to facts that were discoverable at the time Plaintiff entered into the loan transactions. They pertain to the very terms of the loans, such as interest rate, payments to be made under the loan, and Plaintiff's ability to pay the loan and refinance. Thus, the "what element of causation" was apparent at the time Plaintiff entered into the loan transactions. Accordingly, Plaintiffs ACFA cause of action based on those arguments accrued upon entering into their loan transactions and are therefore precluded under A.R.S. § 12-541(5). Cervantes v. Countrywide Homeloans, Inc., 2009 WL 3157160, 7 (D.Ariz. 2009).

Plaintiff's cursory conclusion that IMB's conduct of "concealing and claiming ownership interest through fraudulent assignment precluded Plaintiff from modifying the terms through a HAMP modification at the time of the illegal Trustee sale" does not amount to consumer fraud under ACFA.[13] Plaintiff has wholly failed to allege any fraudulent conduct on the part of IMB. The Court is in possession of a copy of the Trustee's Deed

---

[13] This conduct would arguably have taken place subsequent to the formation of the contract in 2009-2010, during the trustee's sale of the property. Thus, the statute of limitations defense would not apply.

Upon Sale that illustrates that IMB paid consideration for the property.[14] There is no indication that IMB's conduct was anything but proper. There are no facts establishing that IMB had any fraudulent intentions or exhibited any fraudulent conduct in purchasing the Property. Plaintiff has failed to articulate facts that establish a plausible cause of action for a violation of ACFA by IndyMac Bank, F.S.B., or IMB.

Finally, Plaintiff has failed to satisfy Rule 9(b)'s specificity requirement that Plaintiff state with particularity the time, place, and specific content of the conduct constituting fraud, as well as the identities of the parties to it. See, e.g., Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). Therefore, **Count Eight is DENIED**.[15]

### i. **Count Nine: Implied Duty of Good Faith and Fair Dealing**

Count Nine leaves the Court somewhat perplexed, as it references the breach of a never previously referenced agreement of *August 9, 2005.* More specifically, the Plaintiff alleges, "At all relevant times, the parties to the August 9, 2005 agreement (and their successors in interest, agents and assigns) owed one another a reciprocal duty of good faith and fair dealing." He goes on to contend that, "such duty prohibited Defendants from doing anything to evade the spirit of the bargain, exhibit a lack of diligence and slacking off, willfully render imperfect performance, abusing specific terms of the agreement, and/or interfering with the performance of another party to agreement." Plaintiff contends, without alleging any specific conduct, that "Defendants" have breached said duty, causing Plaintiff damages. Clearly, the Defendants cannot defend a claim and the Court cannot decide a claim

---

[14] The Court also has copies of the Deed of Trust, Assignment of Deed of Trust, Notice of Trustee's Sale, and Substitution of Trustee, all having been attached to the Complaint.

[15] The claim is denied as to IndyMac Bank, F.S.B. because it is time barred by the statute of limitations, A.R.S. § 12-541(5) and it is denied as to IMB for failure to state a claim under Fed.R.Civ.P. 12(b)(6). However, it is also denied as to both parties for failure to comply with Rule 9(b).

- 13 -

regarding an unidentified contract and without knowledge of the specific conduct that allegedly violated said contract that would amount to a violation of the implied duty of good faith and fair dealing. For example, alleging a lack of diligence and slacking off, or abusing specific terms-but not identifying the contract or the terms "abused" does not give rise to a plausible claim under Twombly and Iqbal. Plaintiff has failed to establish that Defendants violated their implied duty of good faith and fair dealing. **Count Nine is DENIED.**

**j. Count Ten: Breach of Contract-Damages**

In Count Ten, Plaintiff contends that at all relevant times, he fulfilled his contractual obligations; however, Defendants have not complied with their obligations. He contends that consequently, he suffered damages.[16] On the face of the Complaint, it appears that this claim is one for damages alone, not for actual breach of contract.[17] However, assuming it is for breach of contract, Plaintiff has failed to articulate the *conduct* amounting to the breach and the specific Defendants to which the breaching conduct would be attributable-had the conduct been alleged. Such conclusory allegations and mere recitations of claims are insufficient to overcome dismissal under Twombly and Iqbal. (See *supra*). **Count Ten is DENIED.**

**k. Count Eleven: Estoppel and Constructive Fraud**

To establish a claim for constructive fraud, "one must prove the existence of a legal or equitable duty the breach of which, regardless of the intent of the party charged, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." Taeger v. Catholic Family and Community

---

[16] More accurately, Plaintiff states, "At all relevant times, Counterclaimants fulfilled their obligations. Despite their compliance, Counter-Defendants have not complied with their own. As a result, Plaintiff has suffered damages in an amount to be proven at trial." The Court will assume that these were mere typographical errors made by Plaintiff in drafting the FAC.

[17] If it is a claim for damages alone, the Court reminds counsel that damages is not an independent cause of action.

- 14 -

Services, 196 Ariz. 285, 294, ¶ 27 (App.1999). Moreover, although constructive fraud does not require a showing of intent to deceive, it does require a fiduciary or confidential relationship, and the breach of duty must induce justifiable reliance to the other party's detriment. Id. Both fraud and constructive fraud require a showing of justifiable reliance on the alleged fraudulent statements. See id. at 107-08; see also Under v. Brown & Herrick, 189 Ariz. 398, 405 (App.1997) ("Justifiable reliance is one of [the] essential elements" of a fraud claim.).

As to equitable estoppel, there are three elements to establish a claim: "'(1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct.'" City of Tucson v. Whiteco Metrocom, Inc., 194 Ariz. 390, ¶ 22 (App.1999), quoting Valencia Energy Co. v. Ariz. Dep't of Revenue, 191 Ariz. 565, ¶ 35 (1998); see also Camelback Del Este Homeowners Ass'n v. Warner, 156 Ariz. 21, 26 (App.1987). The party to be estopped must induce reliance "'by his acts, representations or admissions intentionally or through culpable negligence.'" LaBombard v. Samaritan Health Sys., 195 Ariz. 543, ¶ 12 (App.1998), quoting St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co., 154 Ariz. 307, 317 (1987). The resulting reliance must be justifiable. Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co., 174 Ariz. 72, 78 (App.1992).

In the pending matter, Plaintiff has failed to allege, *inter alia*, facts identifying which Defendants allegedly concealed information from him, what specific information was concealed or withheld, how Plaintiff relied on the Defendants' misconduct to his detriment, facts supporting that reliance was induced by Defendants, and facts establishing justifiable reliance on the part of Plaintiff. Once again, mere recitation of the elements of a cause of action in a complaint is insufficient to overcome dismissal. Twombly, 550 U.S. at 555. Accordingly, **Count Eleven is DENIED**.

l. **Count Twelve: Punitive Damages Bad Faith and Fraud**

Under Arizona law, there is no separate and distinct claim for punitive damages. See

Seismore v. Farmers Ins. Co. of Am., 161 Ariz. 564, 566-67 (App. 1989). Accordingly, **Count Twelve is DENIED**.

### m. Count Thirteen: Abuse of Process

In Count Thirteen, Plaintiff alleges that "one or more of the Defendants acted willfully in their use of the judicial forcible detainer processes described based upon an illegal non-judicial foreclosure." Plaintiff goes on to allege that one or more of the Defendants identified acted at all relevant times with an ulterior motive causing Plaintiff injury and damages. Plaintiff recites the basic elements of an abuse of process claim without alleging facts to support a plausible claim therefor. Again, he fails to specifically identify the Defendants to whom he is making such allegations, instead merely stating "one or more of the Defendants identified." As previously stated, this is insufficient under Twombly and Iqbal.

Moreover, Plaintiff fails to articulate a proper judicial process allegedly abused by any specific Defendant. A trustee's sale is not the type of "process" which may support an abuse of process claim. Rather, Arizona courts have held that the type of "process" required to state an abuse of process claim, is the improper use of "judicial process," in litigation procedures including "the noticing of depositions, the entry of defaults, and the utilization of various motions such as motions to compel production, for protective order, for change of judge, for sanctions and for continuances." Nienstedt v. Wetzel, 133 Ariz. 348, 352-53 (App. 1982). Plaintiff has failed to establish that in Arizona, a trustee's sale is a proper judicial process for an abuse of process claim, despite his burden. Count Thirteen fails under Rule 8, Twombly and Iqbal, and because he hasn't established a proper judicial process, it fails as a matter of law. Consequently, **Count Thirteen is DENIED**.

### n. Count Fourteen: Intentional Infliction of Emotional Distress

Plaintiff seeks damages for Defendants' alleged intentional infliction of emotional distress. To prove a claim of intentional infliction of emotional distress under Arizona law, Plaintiff must show that: 1) Defendants engaged in extreme and outrageous conduct; 2) Defendants either intended to cause emotional distress or recklessly disregarded the near

certainty that emotional distress would result from the conduct; and 3) severe emotional distress resulted because of Defendants' conduct. <u>Watts v. Golden Age Nursing Home</u>, 127 Ariz. 255, 257 (Ariz.1980). "To establish a claim under this tort, the conduct alleged must be 'atrocious' and 'beyond all possible bounds of decency' so that an average member of the community would regard it as outrageous. <u>Lucchesi v. Stimmell</u>, 149 Ariz. 76, 78 (Ariz.1986). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." <u>Id</u>. at 79 (quoting <u>Restatement (Second) of Torts § 46 (1965)</u>).

In the case *sub judice*, Plaintiff wholly failed to set forth and analyze the elements of intentional infliction of emotional distress. It is Plaintiff's burden to set forth factual allegations of each element of a claim giving rise to a plausible claim, and he has failed to even set forth the legal standard for the cause of action in his Response. Furthermore, in his Complaint, Plaintiff merely provides "a formulaic recitation of the elements of [the] cause of action," which under <u>Twombly</u> will not suffice.

In his Response, Plaintiff maintains that Defendants instituted a forcible detainer action and sought a writ of restitution to gain immediate possession of Plaintiff's property after he failed to make payments on the loan, and as such, intended emotional distress upon Plaintiff. Such conduct, however, does not rise to the level of "atrocious," and does not go "beyond all possible bounds of decency." <u>Id</u>. Even assuming *arguendo* that the foreclosure sale was unlawful, "it is not enough that Defendants acted with an intent that is tortious or even criminal." <u>Restatement (Second) of Torts § 46</u> cmt. d." The conduct must rise to the level "so that an average member of the community would regard it as outrageous." <u>Lucchesi v. Stimmell</u>, 716 P.2d 1013, 1015 (Ariz.1986). Plaintiff has failed to assert factual allegations of conduct "exceeding all bounds of decency." He has also failed to allege facts to support the allegation that Defendants *intended* to cause emotional distress or that actual emotional distress resulted from Defendants' conduct. Accordingly, **Count 14 is DENIED.**

**o. Count Fifteen: Punitive Damages-Intentional Infliction of Emotional Distress and Abuse of Process**

As previously stated, under Arizona law, there is no separate and distinct claim for punitive damages. See Seismore, 161 Ariz. at 566-67 (App. 1989). Accordingly, **Count Fifteen is DENIED.**

III. CONCLUSION

IT IS HEREBY ORDERED GRANTING Defendants' Motion to Dismiss in its entirety. (Doc. 22.)

IT IS FURTHER ORDERED that the Clerk of Court shall terminate this action.

DATED this 17th day of June, 2010.

Paul G. Rosenblatt
United States District Judge