**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Fromkin, <br><br> Plaintiff, <br> vs. <br><br> Indymac Bank FSB, a Federally Chartered Savings Bank, Mortgage Electronic Registration Systems, Inc., a Delaware corporation, OneWest Bank FSB, a Federally Chartered Savings Bank, Quality Loan Services, Inc., Trustee, a California Corporation, IMB REO, LLC, a Delaware limited liability company, John Does I-X; Jane Does I-X; ABC Corporations I-X;CDF Partnerships I-X and XYZ Investors IX., <br><br> Defendants. | No. 10-CV-8014-PCT-PGR <br><br> **ORDER** |

Currently before the Court is Defendants Onewest Bank, FSB, Mortgage Electronic Registration Systems, Inc., and IMB REO, LLC's (collectively referred to as Moving Defendants) Motion for Award of Attorney's Fees and Related Non-taxable Expenses (Doc. 30.) No Response has been filed by Plaintiff Christopher Fromkin.

I.   BACKGROUND

On March 29, 2010, the Moving Defendants moved to dismiss Plaintiff's Amended Complaint in its entirety. On June 18, 2010, the Court granted the Moving Defendants' Motion to Dismiss. Consequently, the Court dismissed each of Plaintiff's claims against the Moving Defendants and entered judgment in favor of the Moving Defendants and against

Plaintiff. In doing so, the Court ordered that Plaintiff take nothing and the Amended Complaint and action be dismissed in its entirety.

Plaintiff's claims were contract-based, grounded in the Deed of Trust (the "Deed") and the case arose from allegations of wrongful conduct of Moving Defendants involving the Deed. The Deed unequivocally provides for the recovery of attorney's fees and costs to the prevailing party in an action involving the Deed. Accordingly, based on the Court's resolution of the Motion to Dismiss, the Moving Defendants are entitled to recover from Plaintiff their reasonable attorney's fees and costs.[1]

Moving Defendants request the Court award them the amount of $24,610.00 for attorney's fees incurred in this action and an award of $3,968.81 for related non-taxable expenses.

II.     LEGAL STANDARD and ANALYSIS

A.R.S. § 12-341.01(A) states that, "[I]n any contested action arising out of a contract, express or implied, the Court may award the successful party reasonable attorney[']s fees." In addition, the statute provides that the amount of attorney fees awarded to the successful party need not equal or relate to the attorney's fees actually paid or contracted. A.R.S. § 12-341.01(B). The Arizona Supreme Court has acknowledged that the statute vests trial courts with broad discretion in accessing attorney's fees. <u>Associated Indem. Corp. v. Warner</u>, 694 P.2d 1181, 1184 (Ariz. 1985) (citations omitted). This action arose out of a contract and conduct related thereto; therefore, the requests for attorney's fees are governed by A.R.S. § 12-341.01.

The Arizona Supreme Court has adopted the following six factors to help guide a court's discretion as to whether to award attorney's fees under A.R.S. § 12-341.01: (1) the

---

[1] The Moving Defendants are entitled to the amount of $685.10 based upon the unopposed Bill of Costs filed by Moving Defendants and the Taxation of Costs order entered by the Clerk of Court. (Doc. 32.)

1  merits of the claim or defense presented by the unsuccessful party; (2) the litigation could
2  have been avoided or settled and the successful party's efforts were completely superfluous
3  in achieving the result; (3) assessing fees against the unsuccessful party would cause an
4  extreme hardship; (4) the successful party did not prevail with respect to all of the relief
5  sought; (5) the novelty of the legal question presented and whether such claim or defense had
6  been previously adjudicated in this jurisdiction; and (6) whether the award would discourage
7  other parties with tenable claims or defenses from litigating or defending legitimate contract
8  issues for fear of incurring liability for substantial amounts of attorney's fees. <u>Associated</u>
9  <u>Indem. Corp.</u>, 694 P.2d at 1184. These factors weigh strongly in favor of awarding
10 attorney's fees to the Moving Defendants as the successful parties in this litigation.

11    The first factor considered by the Court is whether Fromkin's claims against Moving
12 Defendants were meritorious. The Court concludes that they were not. Fromkin failed to
13 offer any competent evidence linking Moving Defendants with any adverse conduct with
14 regard to the foreclosure of Fromkin's property. Based on the loan documents provided,
15 Fromkin failed to state a claim against the Moving Defendants. Second, this litigation could
16 not have been resolved short of Fromkin dismissing its claims against Moving Defendants.
17 Based on the nature of the claims against Moving Defendants, there was no reasonable option
18 for settlement in this particular case. Moreover, Fromkin had raised these and/or similar
19 claims previously in Superior Court without success. The third and fourth factors also weigh
20 in favor of awarding attorney's fees. Fromkin has provided no evidence that he would suffer
21 extreme hardship if he was forced to pay attorney's fees. However, based on the fact that this
22 was a forcible detainer/illegal foreclosure case, it is reasonable to infer that it is at least likely
23 that he would suffer some level of hardship if forced to pay attorney's fees. Fromkin,
24 however, did not file a Response to the Moving Defendants' Motion for an Award of
25 Attorney's Fees, thus the Court does not know what level of hardship, if any, he would suffer
26 if ordered to pay attorney's fees. Furthermore, though they were not novel claims brought
27

by Plaintiff, Moving Defendants prevailed with respect to all relief sought, equitable and legal.

Finally, as to the last factor, the Court has considered the issue and has determined that awarding attorney's fees would not discourage other parties with tenable claims or defenses from litigating or defending legitimate [contract] issues for fear of incurring liability for substantial amounts of attorney's fees. In the pending matter, the Deed at issue provided for a recovery of attorney's fees and costs to the prevailing party. Thus, Plaintiff had notice of the potential liability and took the risk when he filed the claims, some on multiple occasions in multiple forums. Based on the foregoing, the Court concludes that the Moving Defendants be awarded their reasonable attorney's fees.

The Ninth Circuit requires a district court to calculate an award of attorney's fees by first calculating the lodestar. See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate and excluding those hours that are "excessive, redundant or otherwise unnecessary." Id. at 1028; Van Gerwen v. Guarantee Mutual Life Ins. Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Next, the district court must assess whether additional considerations require it to adjust the figure. Caudle, 224 F.3d at 1028; accord Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (factors the court can consider in adjusting the lodestar are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11)

1 | the nature and length of the professional relationship with the client; and (12) awards in similar cases).

The Court has considered the aforementioned factors. In particular, the Court carefully considered the individual attorneys and staff who contributed to this case and their respective experience and reputation, as well as the nature and length of the professional relationship between the Moving Defendants and their attorneys, and awards in similar cases. Based on the foregoing, the Court concludes that Moving Defendants are entitled to an award of attorney's fees in the amount of $24,610.00 and an award of their non-taxable expenses incurred in the amount of $3,968.81.

III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED GRANTING the Moving Defendants' Motion for Attorney's Fees and Related Nontaxable Expenses (Doc. 30).

DATED this 9th day of September, 2010.

Paul G. Rosenblatt
United States District Judge